José Ortiz, Plaintiff and Appellant, *v.* Heirs of Alfredo Amy, Defendants and Appellees.

No. 5289. Argued January 12, 1931.—Decided January 16, 1931.

R. *Arjona Siaca,* R. *Atiles Moreu* and E. *Campos del Toro* for appellant. R. *Rivera Zayas* and *Manuel A. Rivera* for appellees.

Mr. Justice Aldrey delivered the opinion of the Court.

The present appeal was taken by the plaintiff on November 27, 1929. On the 2nd of the following April, the appellees moved to dismiss the appeal because more than 120 days had elapsed since it was entered without the transcript of record having been filed in this court. The appellant showed that the extension granted to the stenographer for preparing the transcript of the evidence heard at the trial had not expired, and we denied the motion to dismiss.

On December 16, 1930, the appellees filed a verified mo-

tion to dismiss the appeal based on Rule 59 of this court and stated that there had elapsed one year since the taking of the appeal and eight months since their previous similar motion was made, without the transcript of the evidence having been prepared by the stenographer; that the appellant had confined himself to applying for extensions of time for the stenographer without taking any steps to have the latter do the work; and that the fact that the said official had prepared the transcripts in eight later appeals, specified in the motion, showed that the appellant has not prosecuted his appeal with due diligence. In his unverified answer to the motion, the appellant says that he has been constantly mindful of his appeal but that, as he is litigating *in forma pauperis* and the stenographer can not collect any fees, the latter has neglected the transcript in this case and has given preferential attention to those for which he has been paid. He prays that we direct the stenographer to prepare the transcript without further delay.

Rule 59 of this court prescribes that, after the expiration of ninety days from the filing of the notice of appeal, and even if any extension of time has been allowed by the court below, any case not previously filed in this court may be dismissed on motion if it be satisfactorily shown that the appellant has not prosecuted his appeal with due diligence or in good faith, or that the appeal is frivolous. Act No. 27 of 1917, as amended by Act No. 81 of 1919 (Session Laws, p. 674), provides in effect that within ten days from the filing of the notice of appeal the appellant may apply for preparation by the stenographer of a transcript of the evidence; that the court shall so order; that it shall be the duty of the stenographer to do such work within 20 days after so directed; that the terms fixed by the act may be extended, and that should the stenographer delay, without legitimate excuse, the preparation of said transcript within

a period of 60 days, the court shall compel him to do so by proper coercive measures.

The spirit of that law and of the Rule cited is that appeals should be speedily prosecuted, as otherwise the party benefited by the judgment or order appealed from would be prejudiced. Hence, the appellant must be diligent in the prosecution of his appeal.

In view of the facts above stated, and of the law and the Rule applicable thereto, we reach the conclusion that the appellant has not prosecuted his appeal in the instant case with due diligence, because, although the former motion of the appellees ought to have served him as notice that they were not willing to allow the preparation of the transcript to be long delayed, yet all he did during the ensuing period of one year was to apply for and obtain extensions of time for the stenographer. As he knew that the latter had no legitimate excuse for not preparing the transcript within the sixty days prescribed, since, according to the appellant, the reason for preparing other transcripts ahead of appellant's was due to the fact that no fees were to be paid for the latter, the appellant, under those circumstances, ought to have been diligent in applying to the district court for an order compelling the stenographer to comply with the first order issued. His failure to do so left the stenographer at liberty to prepare the transcript at his own convenience and give preference to such transcripts as had been paid for. The time for preparing the transcript of the evidence can not be left to the discretion of the stenographer. If, notwithstanding the facts already stated, we failed to dismiss this appeal, the present state of things would continue for several years and perhaps indefinitely.

As to the petition for a peremptory order to the stenographer to prepare the transcript, the district court is the the one authorized to issue such order, according to the statute.

The appeal herein must be dismissed.